## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KRISTINA M. HAFNER,<br>Plaintiff, | : | NO. 1:24-CV-01892 |
| | : | |
| | : | |
| v. | : | |
| | : | (CAMONI, M.J.) |
| FRANK BISIGNANO,[1] | : | |
| *Commissioner of Social Security*, | : | |
| Defendant. | : | |

### MEMORANDUM OPINION

Kristina Hafner brought this action under 42 U.S.C. § 1383(c)(3), seeking judicial review of the final decision of the Commissioner of Social Security denying her claim for disability benefits under Title II of the Social Security Act. Doc. 13-2 at 28. She challenges the Administrative Law Judge's (ALJ) residual functional capacity assessment, asserting, among other things, that the ALJ failed to explain how her obesity limits her ability to work. Pl.'s Br., doc. 15 at 13. Because the ALJ recognized Hafner's obesity as a severe medical impairment but failed to provide any discussion of the combined effect of obesity in assessing Hafner's residual

---

[1] Frank Bisignano became the Commissioner of Social Security on May 7, 2025. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Frank Bisignano should be substituted as the defendant in this suit. No further action is needed to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

Page 1 of 9

functional capacity, the Court will vacate the decision of the Commissioner and remand to the Commissioner for further proceedings.

## I.    <u>BACKGROUND</u>

On June 20, 2022, Hafner applied for disability benefits under Title II of the Social Security Act, alleging disability as of July 23, 2021. Transcript, doc. 13-3 at 15. Following an initial denial, Hafner submitted an appeal, requesting a hearing before an Administrative Law Judge (ALJ). Doc. 13-4 at 24. The ALJ conducted the hearing and determined that Hafner is not disabled. Doc. 13-2 at 28, 54.

Hafner filed a request for review of the ALJ's decision, which the Appeals Council denied. *Id.* at 2. The ALJ's decision, therefore, became the final decision of the Commissioner. 42 U.S.C. § 405(g). Pending before this Court is Hafner's action seeking judicial review of the Commissioner's decision. Complaint, doc. 1. This case is fully briefed (docs. 15, 20, 21) and ripe for resolution. The parties consented to the jurisdiction of a United States Magistrate Judge to conduct all proceedings in this case, pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73, including entry of final judgment. Doc. 5.

## A.    The Disability Determination Process

To determine whether a claimant is disabled under the Social Security Act, an ALJ applies a "five-step sequential evaluation process." 20 C.F.R. § 404.1520(a)(4). The ALJ assesses whether the claimant:

1.    has engaged in substantial gainful activity since the onset of the alleged disability;

2.    had a severe medically determinable impairment;

3.    suffered from an impairment listed in the regulations as presumptively disabling;

4.    could return to his past work; and

5.    could perform other available work in the national economy.

See § 404.1520(a)(4)(i)–(v). Between steps three and four, the ALJ also determines whether the claimant's residual functional capacity (RFC) allows the claimant to continue his previous employment. § 404.1520(a)(4)(iv). RFC "is the most [a claimant] can still do despite" impairments. § 404.1545(a)(1).

## B.    Issues on Appeal

After following the five-step sequential analysis, the ALJ determined that Hafner "has not been under a disability" from "July 23, 2021, through the date of this decision," finding at step four that Hafner

can perform past relevant work. Doc. 13-2 at 27-28. Most relevant to Hafner's appeal, the ALJ found, at step two, that she suffers from, among other things, "Severe Obesity." *Id.* at 14. The ALJ then found, at the RFC stage, that Hafner has the capacity:

> [T]o perform light work as defined in 20 CFR 404.1567(b), except her ability to work at that level is reduced in that she is limited to occupations that require no more than occasional postural maneuvers, such as stooping, kneeling, or crouching, and climbing on ramps and stairs, but must avoid occupations that require climbing on ladders, ropes, and scaffolds or crawling. She is limited to occupations that require no more than frequent balancing. She is limited to occupations that require no more than frequent gross handling or fine fingering with the left upper non-dominant extremity. She is limited to occupations that require no more than occasional overhead reaching or pushing and pulling with the upper extremities to include overhead work or the operation of hand levers. She must avoid concentrated prolonged exposure to temperature extremes, vibration, extreme dampness and humidity, or hazards, such as dangerous machinery and unprotected heights.

*Id.* at 29.

Hafner raises several arguments to challenge the ALJ's RFC determination. Doc. 15 at 6. Only one of them carries the day for Hafner. In challenging the RFC assessment, Hafner asserts that the ALJ failed to explain how her obesity limits her ability to work. *Id.* 13. Because the ALJ recognized Hafner's obesity as a severe medical impairment but

failed to address the combined effect of obesity in assessing Hafner's residual functional capacity, the Court will vacate the decision of the Commissioner and remand to the Commissioner for further proceedings.

## II.    <u>LEGAL STANDARD</u>

In reviewing the Commissioner's final decision denying a claimant's application for benefits, the Court is limited to determining whether the findings of the final decision-maker are supported by substantial evidence in the record. *See* 42 U.S.C. § 1383(c)(3) (incorporating 42 U.S.C. § 405(g) by reference); *Johnson v. Comm'r of Soc. Sec.*, 529 F.3d 198, 200 (3d Cir. 2008); *Ficca v. Astrue*, 901 F. Supp. 2d 533, 536 (M.D. Pa. 2012). Under the substantial-evidence standard, a court examines an existing administrative record and asks whether it contains sufficient evidence to support the agency's factual determinations. *Biestek v. Berryhill*, 587 U.S. 97, 102 (2019). Substantial evidence does not mean a large or considerable amount of evidence, but rather "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* at 103; *see also Pierce v. Underwood*, 487 U.S. 552, 565 (1988). Substantial evidence is less than a preponderance of the evidence but more than a mere scintilla. *Richardson v. Perales*, 402 U.S. 389, 401

(1971). A single piece of evidence is not substantial evidence if the ALJ ignores countervailing evidence or fails to resolve a conflict created by the evidence. *Mason v. Shalala*, 994 F.2d 1058, 1064 (3d Cir. 1993). In an adequately developed factual record, however, substantial evidence may be "something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent [the ALJ's decision] from being supported by substantial evidence." *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966). "In determining if the Commissioner's decision is supported by substantial evidence the court must scrutinize the record as a whole." *Leslie v. Barnhart*, 304 F. Supp. 2d 623, 627 (M.D. Pa. 2003). In reviewing the record for substantial evidence, "[n]either the district court nor [the Third Circuit] is empowered to weigh the evidence or substitute its conclusions for those of the fact-finder." *Williams*, 970 F.2d at 1182. To reverse the ALJ's findings and decision, the Court "must find that the evidence not only supports [a contrary] conclusion but compels it." *Immigr. & Naturalization Serv. v. Elias-Zacarias*, 502 U.S. 478, 481 n.1 (1992).

The question before the Court, therefore, is not whether Hafner is disabled, but whether the Commissioner's finding that Hafner is not

disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law. *See Arnold v. Colvin*, No. 12-2417, 2014 WL 940205, at *1 (M.D. Pa. Mar. 11, 2014) ("[I]t has been held that an ALJ's errors of law denote a lack of substantial evidence."); *Burton v. Schweiker*, 512 F. Supp. 913, 914 (W.D. Pa. 1981) ("The [Commissioner]'s determination as to the status of a claim requires the correct application of the law to the facts."); *see also Wright v. Sullivan*, 900 F.2d 675, 678 (3d Cir. 1990) (noting that the scope of review on legal matters is plenary); *Ficca*, 901 F. Supp. 2d at 536 ("[T]he court has plenary review of all legal issues decided by the Commissioner."). In determining that question, the Court must evaluate whether the ALJ's decision meets the burden of articulation necessary to enable judicial review; that is, the ALJ must articulate the reasons for his decision beyond stating bare conclusions. *Burnett v. Comm'r of Soc. Sec.*, 220 F.3d 112, 119 (3d Cir. 2000).

## III.  <u>DISCUSSION</u>

The Court finds that remand is warranted because the ALJ, while having recognized obesity as a severe impairment at step two, failed to provide any discussion of the cumulative impact of Hafner's obesity at

Page 7 of 9

the RFC stage. The Court of Appeals for the Third Circuit has required an ALJ to explain the reasoning and provide discussion of a claimant's obesity when it is determined as an impairment. *Diaz v. Comm'r of Soc. Sec.*, 577 F.3d 500, 504–05 (3d Cir. 2009) ("ALJ, having recognized obesity as an impairment, should determine in the first instance whether, and to what extent, [claimant's] obesity, in combination with her [other impairments] impacted her workplace performance."). That burden is not onerous. *See id.* at 504 (explaining that remand may not have been warranted had the ALJ provided any discussion of the combined impact of a claimant's obesity on a claimant's functional capacity); *Hoyman v. Colvin*, 606 F. App'x 678, 680 (3d Cir. 2015) (rejecting a claimant's argument that the ALJ failed to consider obesity because the ALJ explicitly contemplated it at the RFC stage). But the ALJ must still, at the very least, provide some discussion of obesity that the ALJ determines as a medical impairment. *Id.* ("However, absent analysis of the cumulative impact of [the claimant's] obesity . . . , we are at a loss in our reviewing function.").

Here, the ALJ determined at step two that Hafner's "severe obesity" is a medically determinable impairment. Doc. 13-2 at 14. Next, at step

Page 8 of 9

three, the ALJ noted that she "has given due consideration to the claimant's Obesity in assessing her [RFC] as discussed later in this decision." *Id.* at 17-18. The ALJ, however, did not go on to discuss Hafner's obesity at the RFC stage as promised at step three. *See id.* at 20-27. Here lies the error. As the *Diaz* court noted, the outcome of the Court's decision may have been different had there been "*any* discussion of the combined effect of" obesity on Hafner's impairments. 577 F.3d at 504. But absent that analysis at the RFC stage, the Court is at a loss in its reviewing function. *See id.*

## IV.   <u>CONCLUSION</u>

Accordingly, the Commissioner's decision will be **VACATED**, and the case **REMANDED** to the Commissioner to fully develop the record, conduct a new administrative hearing, and appropriately evaluate the evidence pursuant to sentence four of 42 U.S.C. § 405(g).

Date: May 26, 2026

<u>s/*Sean A. Camoni*</u>
Sean A. Camoni
United States Magistrate Judge